UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

KATHERINE J. LEE,

Plaintiff,

vs. 5:03-CV-1329

CITY OF SYRACUSE; CITY OF SYRACUSE POLICE DEPARTMENT; FORMER CHIEF JOHN FALGE, in his Individual and official capacity; MIKE KERWIN, in his Individual and official capacity; MARK McCARDLE, in his Individual and official capacity; CAPTAIN PUGH, in his Individual and official capacity; DANIEL BOYLE, in his Individual and official capacity; DEPUTY CHIEF HANNA, In his Individual and official capacity; JOHN KAUFMAN, In his individual and official capacity; CAPTAIN THOMAS GALVIN, in his Individual and official capacity; and CHIEF OF POLICE DENNIS DUVAL, in his Individual and official capacity;

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHERINE J. LEE,

Plaintiff,

vs. 5:06-CV-949

CITY OF SYRACUSE; CITY OF SYRACUSE POLICE DEPARTMENT; CHIEF OF POLICE GARY MIGUEL, in his Individual and official capacity; STEVEN THOMPSON, in his Individual and official capacity; Michael KERWIN, in his Individual and official capacity; CAPTAIN THOMAS GALVIN, in his Individual and official capacity; MICHAEL RATHBUN, in his Individual and official capacity; RICHARD DOUGLAS, in his Individual and official capacity; and MICHAEL HEENAN, Individually and in his Official Capacity,

Defendants.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~~

APPEARANCES: OF COUNSEL:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
258 Genesee Street
Suite 301
Utica, New York 13502

OFFICE OF CORPORATION COUNSEL
City of Syracuse
Attorneys for Defendants
300 City Hall, Room 300
Syracuse, New York 13202

JESSICA M. McKEE, ESQ.
JOSEPH FRANCIS BERGH, ESQ.

DAVID N. HURD
United States District Judge

**O R D E R**

## I. INTRODUCTION

Plaintiff has filed an application for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Defendant has opposed. The application was taken on submission without oral argument.

## II. STANDARD

Costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to a prevailing party in, inter alia, civil rights litigation as part of the costs imposed.

Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of

Albany, 493 F3d. 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008)). This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Id. (internal quotations omitted); Picinich v. United Parcel Serv., No. 5:01-CV-01868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, Sr. J.). Only "in the unusual case" will a prevailing plaintiff be able to demonstrate that selection of counsel outside the district at a higher rate was "reasonable under the circumstances." Simmons, 575 F.3d at 175 (internal quotations omitted).

The prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, are "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." Picinich, 2008 WL 1766746, at *2. Additionally, it is customary in this district to allow only one-half the hourly rate for travel time. Lewis v. City of Albany Police Dep't., 554 F. Supp. 297, 299 (N.D.N.Y. 2008).

Further, an attorney's fee should be limited to those claims in which the plaintiff achieved success. Hensley v. Eckerhart, 461 U.S. 424, 426 (1983). Unsuccessful claims must be eliminated and the attorney's fee claim reduced. Barfiedd v. New York City Health and Hospital Corp., 537 F. 3d 132,152 (2d Cir. 2008).

## III. DISCUSSION

Plaintiff seeks attorney's fees of $368,312.50 plus costs of $14,700.41 for a total of $383,012.91. Defendants oppose the application as seeking excessive hours,

unreasonable hourly rates, duplicative fees, and unnecessary costs. Defendants also request a reduction based upon plaintiff's limited success.

The submissions have been reviewed and the above standard has been applied.

FIRST: An hourly rate of $210.00 per hour (legal work), $105.00 per hour (travel) and $80.00 per hour (paralegal) is applied. This results in an attorney fee claim reduction of $99,588.50.

SECOND: Some of the legal work hours claimed are excessive and duplicative. The legal work claim is reduced by 145 hours, and the paralegal legal work claim is reduced by 37 hours. This results in an attorney fee claim reduction of $33,410.00.

THIRD: The plaintiff was not successful on many of her claims, or against any of the individually and officially named defendants, but did achieve substantial success against the defendant City of Syracuse. The attorney's fees claims are reduced by 20%. This results in an attorney fee claim reduction of $47,062.80.

FIFTH: As a result, the plaintiff is entitled to reasonable attorney's fees and costs as follows:

| | | |
|---|---|---|
| Attorney Fees | | $188,251.20 |
| Costs | + | 14,700.41 |
| | Total | $202,951.61 |

Therefore, it is

ORDERED, that

1. Plaintiff is awarded attorney's fees and costs in the sum of $202,951.61;

2. The Clerk of the Court is directed to enter Judgment in favor of the plaintiff Katherine J. Lee and against the defendant City of Syracuse in the sum of $602,951.61

($400,000.00 compensatory damages plus $202,951.61 attorney fees and costs); and dismissing both actions against the defendant City of Syracuse Police Department, and the individually and officially named defendants.

IT IS SO ORDERED.

Dated: July 16, 2010
Utica, New York.

United States District Judge